Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7925 | **DATE** | 9/3/2002 |
| **CASE TITLE** | Noel Madagan vs. Brian Perryman | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons in the attached Memorandum Opinion and Order, the Respondent's Motion [#6] to Dismiss Petition for Writ of Habeas Corpus is Granted. The Petitioner's Habeas Petition is Dismissed. Any other pending motions are moot and terminated. This action is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 05 2002 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| PAMF | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



SEP 0 5 2002

| | |
|---|---|
| Noel Magadan,<br><br>Petitioner,<br><br>v.<br><br>Brian Perryman, District Director of<br>Immigration and Naturalization Service, and<br>the United States of America<br><br>Respondents. | No. 01 C 7925<br><br>HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

Before this court is petitioner's, Noel Madagan ("Madagan"), motion for habeas relief and stay of deportation as well as respondents', Brian Perryman and the United States of America (collectively "respondents"), motion to dismiss Madagan's petition. For the following reasons, the government's motion to dismiss is granted.

### Background

Petitioner Magadan, a citizen and national of Mexico, became a Permanent Resident of the United States in 1987. The petitioner has children who are United States citizens.

In 1989 the Petitioner was convicted of a crime. Subsequently, deportation proceedings were instituted against the petitioner. Prior to the petitioner's deportation hearing (April 1990), however, the petitioner was advised that the deportation proceeding was terminated and that he remained a Permanent Resident.

In 1999, the Respondents again instituted removal proceedings and an Order of Removal was entered on March 1, 1999. Prior to deportation, the petitioner was served with "Warning to

1



Alien Ordered Removed or Deported," INS Form I-294, which is a warning from the District Director. The relevant information on this form reads as follows:

> For a period of 10 years from the date of your departure form the United States you have been found: inadmissible under Section 212 of the Act and ordered removed form the United States by an immigration judge in proceedings under Section 240 of the Act initiated as a result of your having been present in the United States without permission or parole.

In addition, the form advises the petitioner at the bottom that: "After your removal has been effected you must request and obtain permission form the Attorney General to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States." Id. Immigration Service deported the petitioner on April 19, 1999.

Sometime in May 1999, the petitioner reentered the United States near Hidalgo, Texas, without obtaining advance permission from the Attorney General. On October 5, 2001, the petitioner was taken into custody by the INS based upon his reentry after deportation, and the warrant for arrest of an alien was served upon him in person. He was then served with a Form I-871, Notice of Intent/Decision to Reinstate Prior Order, which he signed and requested an opportunity to make a statement.

On October 15, 2001, petitioner filed this petition for habeas corpus under 28 U.S.C. § 1331, § 1361, § 1651 and under Article I, Sec. 9, Cl.2 of the United States Constitution ("Suspension Clause").

## Discussion

Respondent argues that this court does not have jurisdiction to review the reinstatement of the removal order. This court agrees.

Aliens who seek judicial review of the Attorney General's decision to reinstate a prior order may seek review of that order in the court of appeals upon the filing of a timely petition for review pursuant to the general jurisdictional statute for review of removal orders. See Immigration and Nationality Act ("INA") § 242(a)(1), 8 U.S.C. § 1252(a)(1); Castro-Cortez, 239 F.3d 1037 (9th Cir. 2000). Congress has expressly provided that aliens who are challenging their removal orders must file review petitions in the courts of appeals. See 8 U.S.C. 1252(a)(petition for review must be filed within 30 days of date of "final or er of removal"); Barca v. Holmes, 73 F.Supp.2d 484, 485 (M.D. Pa. 1999).

In this case, since the petitioner has not sought review of the reinstatement order in the court of appeals, this court must dismiss this claim for failure to exhaust remedies. In the case of Castro-Cortez, the Ninth Circuit concluded that, in light of the opportunity for direct review in the courts of appeals, it is not appropriate for aliens to challenge reinstatement in district courts by habeas corpus. The Court stated that, "as a prudential matter," exhaustion of judicial remedies, i.e., filing a petition for review, was required before seeking relief under § 2241. Castro-Cortez, 239 F.3d at 1047.

The petitioner argues that the Supreme Court's recent decision in INS v. St. Cyr, 121 S.Ct.2271, 2001 WL 703922, 2001 U.S. Lexis 4670 (June 25,2001), confers jurisdiction on this Court. In this court's view, however, the Supreme Court's holding in St. Cyr does not address the present issue. In St. Cyr, the Supreme Court ruled that, while both AEDPA and IIRIRA took away the federal courts' jurisdiction under the INA to review criminal aliens' pure statutory challenges to their removal orders; neither AEDPA nor IIRIRA took away district courts habeas corpus jurisdiction under 28 U.S.C. § 2241 to review such challenges. St. Cyr, 2001 WL at 5-11

3

(finding that § 401(e) of AEDPA and §§ 1252(a)(1), 1252(a)(2)(C), and § 1252(b)(9) do not deprive federal district courts of jurisdiction over § 2241 petitioner because they do not contain clear and unambiguous statements of congressional intent to do so). Thus, the Supreme Court held that criminal aliens who are barred from petitioning the courts of appeals for review of their removal orders may nevertheless obtain such review by habeas corpus.

The petitioner case, however, is dissimilar. The petitioner, unlike St. Cyr, the petitioner is not a criminal alien who is foreclosed from seeking judicial review of his reinstatement order in a court of appeals. See also Calcano-Martinez v. INS, 121 S. Ct. 2268; 2001 U.S. Lexis 4671 (June 25, 2001) (detained aliens foreclosed from seeking court of appeals review were entitled to pursue a district court action under § 2241).

In this case, 8 U.S.C. § 1252 of the INA affirmatively grants the court of appeals jurisdiction to review the reinstatement order. Section 1252 governs judicial review of reinstatement decisions made pursuant to Section 1231 (a)(5) because reinstatement is "an action taken or proceeding brought to remove an alien from the United States." See 8 U.S.C. § 1252(b)(9) (Supp. II 2000). In Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471, 483 (1999), the Supreme Court held that judicial review of all issues relating to removal are consolidated in a single action and the review of a reinstatement order is to take place in the courts of appeals. See Castro-Cortez v. INS, 239 F.3d 1037, 1044-45 (9th Cir. 2001); Barca v. Holmes, 73 F.Supp.2d 484, 485 (M.D. Pa. 1999) (dismissing habeas petition and holding that alien was required to seek review of reinstated order in the court of appeals through a petition for review. See also St. Cyr, 533 U.S. , 121 S.Ct. 2271 (June 25, 2001) (suggesting that Congress could, without raising any constitutional questions, provide for judicial review of removal orders

4

in the court of appeals instead of the district court).

The petitioner's failure to seek review of his final order of deportation, and therefore exhaust his remedies, renders his petition unavailable for review.

**Conclusion**

For the foregoing reasons, the petitioner's motion for writ of habeas is denied.

Enter:

David H. Coar

United States District Judge

Dated: SEP 3 - 2002